## Scranton Frocks, Inc., v. International Ladies Garment Workers Union, Local 109, et al.

*Emanuel Laster*, for plaintiff.

HOBAN, P. J., May 21, 1952.—Plaintiff presents a bill of complaint and asks for preliminary injunction to restrain defendants from picketing the place of business of plaintiff. Under the facts averred in the bill, I am of the opinion that the only situation developed is that of peaceful picketing for organization purposes. There are no averments that picketing has been conducted in any other than an orderly manner and while it is quite apparent that the facts state a situation in which neither the employes nor the employer have had relations with defendant union, nevertheless the union is entitled, under the law, even though it has had no contractual relations with either employes or employer, to picket for the purpose of inducing employes to join the union, even though those who do the picketing are not employes or in any way connected with the employer.

In Wortex Mills, Inc., v. Textile Workers Union of America, C. I. O., 369 Pa. 359, decided by the Supreme

Court of Pennsylvania in January 1952, it appears that mass picketing and picketing which is somewhat other than peaceful was engaged in, in order to obtain the desired action on the part of the union, in a situation which neither the employes nor the employer had any contractual relations with the union enjoined. The chancellor in that case, however, found that the picketing had been other than peaceful and found as a fact that the object was to force the employer to a breach of the Pennsylvania Labor Relations Law, or to cause the employer in that situation to commit an unfair labor practice.

Here no such conclusion could be arrived at from the facts averred in the bill. Paragraph 20 of the bill does aver that the purpose of the picketing is to coerce plaintiff herein to enter into a contract with defendant union which would obligate plaintiff to hire only union labor as employes. That paragraph can only be considered as a conclusion which certainly is not warranted by any statement of fact contained in any other part of the bill. As the matter stands now, the clear purpose of the admittedly peaceful picketing is to induce employes to join defendant union or, for failure to do so, to publicize the fact that the employes in this plant do not belong to the union. It is unfortunate that the employer suffers inconvenience and perhaps loss of business because of the refusal of other tradesmen to cross the picket line so established. But even on the principles accepted and stated in Wortex Mills v. Textile Workers Union, supra, this involves no violation of the law and gives no warrant to enjoin the picketing which in other respects is conducted in a peaceful manner and for a legal purpose.

We, therefore, refuse the motion of plaintiff to issue a rule to show cause why preliminary injunction should not be granted restraining defendant from picketing and for other relief requested in the bill.